**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID WILLIAM LINDER, | No. 19-15094 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-08030-DGC-DMF |
| v. | |
| ROBERT D. CULLY, Jr., NCIS; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DRUG ENFORCEMENT ADMINISTRATION, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Federal prisoner David William Linder appeals pro se from the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his Federal Tort Claims Act ("FTCA") claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal on the basis of the applicable statute of limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed Linder's action because Linder failed to file it within the applicable two-year statute of limitations. *See Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 2001) (FTCA claims are subject to a two-year statute of limitations); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (a complaint may be dismissed as time-barred if the running of the statute of limitations is apparent on the face of the complaint, and the allegations of the complaint would not permit the plaintiff to prove that the statute was tolled.).

The district court properly concluded that Linder was not entitled to equitable tolling. *See Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc) (explaining elements necessary for equitable tolling).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                    19-15094